IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00812-LTB-MEH

VIBE TECHNOLOGIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

RALPH M. SUDDATH,
KAY EKWALL, and
ALLEN HEART,

    Defendants.

---

**RECOMMENDATION TO GRANT MOTION TO STRIKE
AND RENEWED MOTION TO STRIKE**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter has been referred to this Court by the Order of Reference to United States Magistrate Judge, filed on June 30, 2006 (Docket #12) for purposes of hearing and determining nondispositive motions and making recommendation on dispositive matters.  Before the Court is Plaintiff's Motion to Strike Pursuant to Fed.R.Civ.P. 12(f), or, in the Alternative, Motion for More Definite Statement Pursuant to Fed.R.Civ.P. 12(e) ("Motion to Strike"), filed on June 29, 2006 (Docket #10), and Plaintiff's Renewed Motion to Strike the Filings of Defendant Ralph Suddath ("Renewed Motion to Strike") (Docket #22).  Oral argument in this regard would not materially assist the Court in adjudicating the matters before it.  For the reasons stated below, it is **recommended** that the Plaintiff's motions be **granted,** and filings by the Defendant Suddath and those made by nonparty Alvin Joseph Hansen be stricken.  Because the striking of these documents

will result with none of the Defendants having an Answer or other responsive pleading filed of record in this case, default of *pro se* parties becomes a consideration. Therefore, the matter is deemed dispositive and is being handled by recommendation under the Order of Reference in this case.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

This is an action for trademark infringement, which was filed by the Plaintiff on April 27, 2006 (Docket #1). Plaintiff alleges that Defendants' website contains materials that infringes Plaintiff's copyrighted works, content and format, and violates the Plaintiff's rights under applicable trademark statutes and violates the Lanham Act. Defendant Ralph M. Suddath as served in this action on May 5, 2006. On May 15, 2006, Defendant Suddath filed 40 pages of documents, which are variously titled (Document #2), but which the Plaintiff and this Court would presume to be some type of

response to the Complaint. Thereafter, on May 26, 2006, Alvin Joseph Hansen, who is not named as a Defendant in this action and from the attorney roles of this Court does not appear to be an attorney admitted to practice before this Court, filed a document entitled "Hansen, Ekwall & Heart's Demurrer and Transfer to Courts of Open Criminal Contempt Proceedings, and Open Arrest Warrants Conspiracy to Evade Debt Hobbs Act 18 USC 1951," together with 121 pages of attachments (Docket #9).

Plaintiff filed its Motion to Strike on June 29, 2006 (Docket #10). In the motion, the Plaintiff argues that Defendant Suddath's filing fails to comply with the rules of pleading and requests that it be stricken. Alternatively, the Plaintiff requests that the Defendant be required to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e). Additionally, the Plaintiff seeks to have the documents filed by Alvin Hansen stricken because he is not a party to this case. The Court directed that the Defendants would have until and including July 19, 2006, in which to respond to the motion (Docket #15). The Court's directive was mailed to each of the Defendants on July 6, 2006 (Docket #15-2). The record demonstrates that none of the mailings was returned by the United States Post Office.

Plaintiff filed its Amended Complaint in this action on July 27, 2006, with the Certificate of Service indicating that the pleading was mailed to the Defendants on that date (Docket #16). On August 4, 2006, Defendant Allen Heart filed a letter and 133 pages of attachments consisting of various documents and other information (Docket #17). The filing was cross-referenced in the text of the docketing notes as being filed in response to the Amended Complaint, but a review of the materials demonstrated that the purpose of the filing was not clearly discernable from the materials.

The Court struck the filing from the record as nonresponsive (Docket #18).[1] Defendant Heart has made no attempt to clarify the matter. On August 15, 2006, Defendant Suddath made two separate filings, one of 20 pages in length (Docket #19) and another of almost identical materials which is 18 pages in length (Docket #20). The materials are not captioned with the case information from this lawsuit, but do contain copies of the electronic filing docket from this matter.

To date, no clearly designated responses to the Plaintiff's motions have been filed, nor have any extensions of time in which to respond have been requested.

## DISCUSSION

Because the Defendants in this action have proceeded without counsel, the Court must construe any pleadings and other filings made by any of them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Although the Court must liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Rule 8(b) of the Federal Rules of Civil Procedure provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." A pleading which constitutes a "gross violation" of Rule 8 may be stricken. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979). More commonly, however, a pleading is excluded based on the provisions of Fed.R.Civ.P. 12(f), which states:

---

[1] The docket notation in this regard, however, mistakenly identifies this ruling as granting the Plaintiff's Motion to Strike.

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to Strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted. *See* C. WRIGHT & A. MILLER, 5C FED. PRAC. & PROC. 3D § 1380. The rule should be used only when the allegations being challenged have no relation to the plaintiff's claims. *Id.*

Plaintiff contends that Defendant Suddath's filing neglects to address any of the Plaintiff's claims and fails to comply with the basic rules of pleading under Rule 8. Plaintiff also describes the documents as immaterial and impertinent, constituting a violation of Fed.R.Civ.P. 12. Plaintiff also seeks to strike the filings of nonparty Alvin J. Hansen under the same arguments, together with allegations that the materials are scandalous. Upon review of the materials, this Court would agree.

Even under the most liberal construction of the pleading requirements contained in Fed.R.Civ.P. 8, the documentation submitted by Defendant Suddath does not raise any defense to the Plaintiff's claims nor does it admit or deny the allegations contained in the Complaint. Defendant has additionally failed to respond to the Plaintiff's motions requesting that the filing be stricken, nor has the Defendant attempted to amend the materials to clarify their intent or make any attempt to refile a proper responsive pleading. As detailed by the Plaintiff:

> One of the documents filed in response states that "a declaration of war has been levied," and asks plaintiff's counsel, "Do I know you and are you representing me without my license?" *See* For The Record; At Law, at 1. The Response also includes an "Invoice for Labor," which "bills" plaintiff for Suddath's time and effort in answering the Complaint, and comments that "$25,000.00 is a bargain for you in responding with my labor to you." *See* Invoice for Labor, at 1. This document also states, "due to the sensitive nature by your position, I recommend we communicate in code." *See id*. . . .

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, Docket #11, p. 4.

5

One of the purposes of Rule 12(f) is to allow the Court to conserve time and resources by avoiding the litigation of matters that will have no effect on the outcome of a case. *See Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D.Colo. 1997). As the Plaintiff has pointed out, the documents submitted by Defendant Suddath are replete with matters which have no bearing on the case at hand. These filings made by Defendant Suddath has no distinguishable connection to the controversy, and is therefore immaterial. *See id.* ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . . ."). Further, the materials "consist of statements that do not pertain, and are not necessary, to the issues in question," and are therefore impertinent. *See* WRIGHT & MILLER, CIVIL 3D § 1382 at 463. Finally, the many pages of documents filed by Defendant Suddath are clearly in gross violation of the pleading requirements of Fed.R.Civ.P. 8. The general purpose of the rules of pleading is to "apprise the opponent of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail." *See* WRIGHT & MILLER, CIVIL 3D § 1261 at 526. The materials filed by Defendant Suddath fail in any manner to provide the Plaintiff with fair notice of this Defendant's defenses to the allegations raised by the Plaintiff, in order that the Plaintiff may fully and fairly prosecute this case, nor do they provide any basis upon which the Court can determine whether any defense exists, whether it is a valid defense, or whether it is a defense available to this Defendant. The Court would literally be required to become the Defendant's advocate, and scour through the documents to discern or fashion some type of an Answer or other responsive pleading on his behalf. Such action would be well beyond the mere liberal construction afforded to *pro se* litigants, and would enter into the impermissible territory of the Court having to become the *pro se* litigant's advocate. The filings made by Defendant Suddath fail to give any reasonable notice of the allegations in the Complaint or Amended Complaint sought

to be placed at issue, and therefore, the filings should be stricken in their entirety.

Defendant could argue that he should be allowed time and opportunity to amend his filings to conform more fully with the pleading rules, in an attempt to avoid potential default in this action. While leave to amend "shall be freely given when justice so requires," FED.R.CIV.P. 15(a), refusing leave to amend is justified if amendment would cause undue delay or undue prejudice to the opposing party, be offered in bad faith or under a dilatory motive, fail to cure deficiencies by amendments previously allowed, or be futile, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Courts may deny leave, however, if the movant "'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original [pleading].'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984) (citations omitted)).

Based on the record, this Court finds that granting leave to the Defendant to amend his filings to conform to the rules would be untimely, that Defendant did not diligently pursue the basis of such amendments in his second filings made on August 15, 2006, despite being on notice of the deficiencies raised in the Motion to Strike which was pending at the time, and that the facts behind such amendments would have been known to the Defendant at the initiation of this action. Defendant has proceeded in this Court consistently in the same violative fashion, instead of under any other facts or theories of which the Defendant would have known, amounting to a choice made by the Defendant, not excusable neglect. Therefore, allowing the Defendant an opportunity to amend his pleadings would not be justified.

With regard to the materials filed by nonparty Alvin Hansen, nonparty participation in an adversary proceeding is dependent on intervention. *See, generally, In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990). In federal court, intervention in an adversary proceeding is governed by Fed.R.Civ.P.

24. In this case, Mr. Hansen has made no attempt to intervene under the authority of Rule 24 or under any other authority. As he is not a party to this lawsuit, nor has he properly intervened, Mr. Hansen may not file pleadings or other matters with the Court on behalf of himself or others in this case. Additionally, there is no evidence that Mr. Hansen is an attorney who is seeking to appear on behalf of the Defendants in this action, and the Court takes judicial notice that he is not an attorney admitted to practice in the United States District Court for the District of Colorado[2]. By federal statute, non-attorney *pro se* litigants cannot represent other *pro se* parties. *See* 28 U.S.C. § 1654. Finally, under Rule 12(f), the materials submitted by Mr. Hansen are not only immaterial and impertinent, but also scandalous. Allegations are considered scandalous if they degrade a party's moral character, contain repulsive language, or detract from the dignity of the court. *See* WRIGHT & MILLER, CIVIL 3D § 1382 at 465; *see, also, Sierra Club*, 173 F.R.D. at 285. As noted by the Plaintiff:

> Hansen's filing also includes outrageous allegations, including statements that plaintiff's counsel "kidnapped, tortured, terrorized, falsely imprisoned and violently made many attempts on my life, and murdered beneficiaries raped and controlled my wife Jacqueline and murdered my canine Companion Penni."

Memorandum in Support of Motion to Strike, Docket #11, p. 6.

It is difficult to imagine filings less concise, and more immaterial and impertinent than those made by Defendant Suddath and Mr. Hansen. It is also difficult to imagine a less prejudicial or more burdensome task than to require the Plaintiff to attempt to determine which facts have been admitted or denied, evaluate settlement possibilities, or prepare for trial in light of the filings that have been

---

[2] This Court may take judicial notice of court documents and matters of public record. *See, e.g., Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994); *see, also, Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 892 (D.Del. 1991). The records of the Bar of this Court are available to the public through the Office of the Clerk.

repeatedly made.  *See Sierra Club*, 173 F.R.D. at 285 ("Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike.").  The record establishes that the request by the Plaintiff that the filings be stricken from the record should be granted.

## CONCLUSION

For the foregoing reasons, and upon the materials on file herein, it is hereby **recommended** as follows:

1. Plaintiff's Motion to Strike Pursuant to Fed.R.Civ.P. 12(f), or, in the Alternative, Motion For More Definite Statement Pursuant to Fed.R.Civ.P. 12(e) [Filed June 29, 2006; Docket #10] be **granted** with regard to Plaintiff's request that certain filings be stricken and **denied** as moot with regard to Plaintiff's request for a more definite statement.

2. Plaintiff's Renewed Motion to Strike the Filings of Defendant Ralph Suddath [Filed August 30, 2006; Docket #22] be **granted.**

3. The District Court **strike**, in their entirety, the filings made by Defendant Suddath as set forth at Dockets #2, #19 and #20.

4. The District Court **strike**, in its entirety, the filing made by Alvin Joseph Hansen as set forth at Docket #9.

Dated at Denver, Colorado, this 18th day of September, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge