IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00812-LTB-MEH

VIBE TECHNOLOGIES, LLC, a Colorado limited liability company, and
GEORGE KOONCE, a Colorado resident,

    Plaintiffs,

v.

RALPH M. SUDDATH,
KAY EKWALL, and
ALLEN HEART,

    Defendants.

## RECOMMENDATION ON MOTION TO SET ASIDE ENTRY OF DEFAULT

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendant Suddath's Motion and Brief to Set Aside Clerk's Entry of Default ("Motion") [filed August 9, 2007; doc #40]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

This patent infringement action originated on April 27, 2006 when Plaintiff Vibe Technologies filed its Complaint alleging violations of 15 U.S.C. § 1125(a), 17 U.S.C. § 1202(b), and the Colorado Consumer Protection Act [doc #1]. Shortly thereafter, on May 15, 2006, Defendant Suddath filed a "Statement" containing a number of documents, including, but not limited to, a "Verified Declaration in the nature of an Affidavit of Truth in Commerce and Contract for Waiver of Tort," an Oath for the Queen of England, and a Treaty of Texas with England [doc #2]. The Statement and attached documents were notarized by Carol Wolfe in Texas. [*Id.*] Upon Plaintiffs' Renewed Motion to Strike this and other similar documents filed by Suddath in response to the First Amended Complaint filed on July 27, 2006, this Court recommended that the documents be stricken as non-responsive, immaterial and impertinent [doc #27]. The District Court adopted the Recommendation on November 22, 2006, and ordered that Suddath's documents filed as docket numbers 2, 19 and 20 be stricken [doc #34].

Nothing else was filed by Suddath in this matter until his attorney filed a Notice of Appearance on June 18, 2007 [doc #39]. Thereafter, Suddath filed the within Motion to set aside the clerk's entry of default, arguing that the delay in responding to the Complaint was not his fault, that he has meritorious defenses to Plaintiffs' claims, and that the Plaintiffs will not be prejudiced by the grant of his Motion [doc #40]. Plaintiffs responded on September 19, 2007, contending that the delay is due to Suddath's culpable conduct, that Plaintiffs would be prejudiced in proceeding with this case due to the extensive passage of time, and that Suddath's defenses are without merit [doc #52]. Suddath filed a Reply on September 27, 2007, essentially repeating the allegations made in his original Motion, and claiming that Plaintiffs fail to support their assertions made in the Response brief.  *See* Reply at ¶¶ 2, 3, 4. The Court will address each allegation in detail below.

## ANALYSIS

Under Rule 55(c), good cause is required to be shown for the court to set aside an entry of default. Fed. R. Civ. P. 55(c) (2007); *see also QFA Royalties LLC v. Liberty Holding Group*, 2007 WL 2071633 at *1 (D. Colo. July 16, 2007). "Good cause" is subject to a lesser standard than excusable neglect, and there is a strong preference for deciding claims on their merits, rather than by default. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.,* 115 F.3d 767, 775 n. 6 (10th Cir. 1997); *Gulley v. Orr,* 905 F.2d 1383, 1386 (10th Cir. 1990) (citing *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970)). However, "this judicial preference is counterbalanced by considerations of social goals, justice, and expediency" in adjudicating cases. *Id.*

The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *Guttman v. Silverberg,* 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005)(*citing In re Dierschke,* 975 F.2d 181, 183-84 (5th Cir.1992)). These factors are not "talismanic" and the court may consider other factors as well. *In re Dierschke,* 975 F.2d at 184. However, the court need not consider all of the factors. *Id.*

If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. *Id.* at 184; *see also Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388 (9th Cir. 1988), *cert. denied,* 493 U.S. 858 (1989). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *United States v. Timbers Preserve, Routt County, Colo.,* 999 F.2d 452, 454 (10th Cir. 1993); 6 James W. Moore, et al., *Moore's Federal Practice,* § 55.10 [1] at p. 55-74, n. 24 (2d ed. 1994); *see also Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir.), *cert. denied,* 484 U.S. 976 (1987) (receiving

actual notice of complaint and failing to respond constitutes culpable conduct under Rule 60(b)).

**A.     Culpable Conduct**

Suddath argues that he is not culpable for the default, primarily due to his reliance upon statements made by his friend, Stan Wolfe, that Mr. Wolfe believed this Court had no jurisdiction over Suddath, and that Mr. Wolfe would "handle the matter" while Suddath traveled to, and apparently lived in, Ecuador. Motion, Exh. A at ¶ 6. Suddath further contends that he never read nor signed any of the documents filed in the action before he retained an attorney in June 2007, and that Mr. Wolfe executed all documents filed with the Court on his behalf. *Id.* at ¶ 7. Moreover, Suddath asserts that he has never served as a party or witness to litigation, and is not familiar with court practice. *Id.* at ¶ 2.

Plaintiffs respond asserting that Suddath, in fact, has been involved in litigation, and attach a copy of a lawsuit Suddath filed in 1996 in Denton County, Texas, alleging personal and property damages following a traffic accident. Response, Exh. B. In addition, Plaintiffs contend that Suddath was personally served in Utah with their Amended Complaint in July 2006, and thus, was present in the United States and had knowledge of the proceedings at that time. Response, Exh. A. In fact, Plaintiffs argue that the signatures affixed to documents filed by Suddath in 2006 are identical to the signature on Suddath's affidavit accompanying the within Motion, and demonstrate that Suddath, indeed, had knowledge of this litigation and the matters that arose herein. Response, Exhs. C & D.

The Court agrees with Plaintiffs that Suddath is culpable for the default in this case. In addition to the evidence provided by Plaintiffs, Suddath (and/or his contracted agents) literally rejected this Court's orders, including the Minute Order filed July 6, 2006, on which Suddath noted by hand, "I do not wish to contract with you. <u>You are fired</u>. <u>You are fired!</u> <u>You are fired!</u>" Response, Exh. C (emphasis in original). Moreover, Suddath returned a copy of the original Summons and

4

Complaint in this matter in May 2006, again noting by hand, "Returned without dispute, with hononor [sic], without prejudice, without the UNITED STATES." Docket #2 (emphasis in original). These and other documents rejecting this Court's authority were eventually stricken by the District Court on November 22, 2006 as unresponsive, immaterial and impertinent. Docket #34. Nevertheless, Plaintiffs continued to properly serve Defendant Suddath with pleadings in this action, including their Motion for Entry of Default filed December 20, 2006. Docket #35. Suddath did not respond, and the Clerk of the Court entered default on December 28, 2006, eight months after the action was initiated and properly administered by the Plaintiffs. *See United States v. Wang*, 130 F.R.D. 676, 678 (D. Kan. 1990) (when the non-defaulting party endeavors to encourage the other party to respond, the court is more inclined to deny the request to set aside an entry of default) (*citing* C. Wright & A. Miller and M. Kane, *Federal Practice and Procedure,* § 2693, pp. 487-88 (1983)).

Suddath, named here as a defendant and properly served by this Court, was responsible for complying with this Court's rules and responding accordingly to the claims brought against him. Despite being on notice of Plaintiffs' claims and the matters arising in the litigation, Suddath affirmatively rejected the Court's authority and its orders to comply. Based on Suddath's willful conduct throughout the course of this litigation, the Court finds that Suddath is responsible for the default in this matter, and therefore, has failed to demonstrate good cause to set aside default.

**B.   Prejudice to the Plaintiffs**

Although the Court may deny a motion to set aside default based solely on the defendant's culpability for the default – *see In re Dierschke, supra*, at 184 – this Court also finds that Plaintiffs here would be prejudiced if the default were set aside. Again, this litigation proceeded for eight months before default was entered in December 2006. Thereafter, Plaintiffs conducted discovery to determine damages in preparation for their request for default judgment. Response at ¶ 31. Six

months after entry of default, Suddath filed the with Motion. *Id.* Considering that fourteen months had elapsed since the action's inception, due primarily to Suddath's refusal to participate in the litigation, the Plaintiffs' ability to "start over" and litigate their claims effectively through proper discovery would prove excessively difficult. The Court finds that such unnecessary expense of time and money would prejudice the Plaintiffs in this matter.

**C.     Meritorious Defense**

In order to set aside a default, a defendant must set forth with specificity a meritorious defense and factual allegations to support that defense. *See Gomes*, 420 F.2d at 1366 (defense counsel's bald allegation of a defense, without the support of facts underlying such defense, will not sustain the burden of the defaulting party under Fed. R. Civ. P. 60(b)).

Suddath contends that he has meritorious defenses to Plaintiffs' claims, saying that "[t]he evidence will show that the machines sold by Mr. Suddath do not incorporate all of the elements claimed by Mr. Koonce in his patent." Motion at 16. In support of his assertions, Suddath refers to his own affidavit, in which he denies the claims brought against him. *Id.*, Exh. A; *see also* Reply at ¶¶ 5, 6, 7. Such self-supporting conclusory statements do not meet the burden necessary to set aside default in this matter. *See QFA Royalties*, *supra*, at 3.

### CONCLUSION

Based on the foregoing, and the entire record herein, I do hereby **recommend** that the District Court deny Defendant Suddath's Motion to Set Aside Default [filed August 9, 2007; doc #40].

Dated at Denver, Colorado, this 1st day of October, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

6