IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 06-cv-00812-LTB-MEH

VIBE TECHNOLOGIES, LLC, a Colorado limited liability company, and
GENE KOONCE, a Colorado resident,

    Plaintiffs,

v.

RALPH M. SUDDATH,
KAY EKWALL, and
ALLEN HEART,

    Defendants.

_____

## ORDER
_____

    This case is before me on Plaintiffs Vibe Technologies, LLC ("Vibe") and Gene Koonce's Motion or Entry of Default Judgment [Doc # 72] pursuant to Fed. R. Civ. P. 55(b)(2). No opposition to the motion, which was mailed to Defendants at their last known addresses, has been filed.

    Although documents have been filed in this case by or on behalf of Defendants, none of these documents were responsive to the allegations in Plaintiffs' Complaint or Amended Complaint. Default was entered against all Defendants by the Clerk of Court on December 26, 2008, and Plaintiffs now seeks judgment for money damages, injunctive relief, and attorney fees.

### I. Applicable Law

    Default judgment may enter against a party who fails to appear or otherwise defend pursuant to Fed.R.Civ.P. 55. Even after entry of default, however, it remains for the court to

consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245 (D. Colo. 2008) (*citing Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir.1994)).  In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true.  *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983).  *See also DIRECTV, Inc. v. Bloniarz,* 336 F.Supp.2d 723, 725 (W.D. Mich.2004) ("It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.").  In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits.  *Deery American Corp. v. Artco Equipment Sales, Inc.,* 2007 WL 437762 (D. Colo. 2007).

## II. Analysis

This matter arises from Defendants' infringement of U.S. Patent No. 6,933,819 (the "Patent"), owned by Mr. Koonce.  Mr. Koonce is also the president and owner of Vibe.  *See* Koonce Affidavit, ¶ 1.  Vibe has an exclusive license to manufacture and sell the technology protected by the Patent.  *See* Amended Complaint, ¶ 1.3.  Defendant Ralph M. Suddath manufactures and sells machines incorporating the technology protected by the Patent without authorization from Plaintiffs.  *See* Koonce Affidavit, ¶¶ 3 & 4.  Defendants Kay Ekwall  and Allen Heart offered Mr. Suddath's machines for sale on their website, www.7thfire.com.  *See* Amended Complaint, ¶ 1.5.

The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 1203(a), and 28 U.S.C. §§ 1331, 1338 & 1367.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 & 1400.

### A. Relief against Mr. Suddath

The machine manufactured by Mr. Suddath and sold by Defendants is the only competitive product to that manufactured and sold by Vibe. *See* Koonce Affidavit, ¶ 5. In determining damages for patent infringement, "the profits lost by the patent owner in a two-supplier market is a proper ground for granting relief." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983). Lost profits may be in the form of diverted sales. *Id.* "[W]hat the Patent Owner in reasonable probability would have netted from the sales denied to him is the measure of his loss, and the Infringer is liable for that." *Id.* (*quoting Livesay window Co. v. Livesay Indus., Inc.*, 251 F.2d 469, 471-71 (5th Cir. 1958)).

Plaintiffs have identified the sale of 45 infringing machines by Mr. Suddath and his associated companies. *See* Koonce Affidavit, ¶¶ 7 & 8. From 2004 to the present, Vibe sold its machines for $17,800 per unit. *Id.* at ¶ 10. From June 2005 through June 2006, Vibe's profit from the sale of a single machine was $9,625.21. *Id.* at ¶ 13. From June 2006 through June 2008, Vibe's profit from the sale of a single machine was $13,329.84. *Id.* at ¶ 14. Vibe's lost profits from Mr. Suddath's sale of 45 infringing machines, 35 of which were sold between June 2006 and June 2008 and 10 of which were sold between June 2005 and June 2006, therefore total $561,7896.50. *Id.* at ¶ 15.

Section 284, 35 U.S.C., provides that damages for infringement may be increased up to three times the compensatory amount. Although the statute sets forth no standards for such an increase, it has been construed as a punitive remedy for "willful infringement." *SRI Int'l, Inc. v. Advanced Tech. Laboratories, Inc.*, 127 F.3d 1462, 1464-65 (Fed. Cir. 1997). Willful infringement is a question of fact that must be established by clear and convincing evidence. *Id.*

Notwithstanding Mr. Suddath's conduct in this litigation and Plaintiffs' allegations of continued infringing activity, I conclude that there is insufficient evidence to support an award of enhanced damages under Section 284.  I likewise conclude that there is insufficient evidence to support an award of attorney fees to Plaintiffs pursuant to 35 U.S.C. § 285, which authorizes such an award in "exceptional cases."  *See Innovative Tech., Inc. v. Splash! Med. Devices, LLC,* 528 F.3d 1348, 1350 (Fed. Cir. 2008) ("... an exceptional case finding is not to be based on speculation or conjecture but upon clear and convincing evidence.").

A permanent injunction prohibiting any future infringing activity by Mr. Suddath, individually or in cooperation with others, is necessary and appropriate to prevent irreparable harm to Plaintiffs.  *See* Koonce Affidavit, ¶¶ 19 & 20.

**B.  Relief against Ms. Ekwall and Mr. Heart**

Plaintiffs seek damages from Ms. Ekwall and Mr. Heart for $9,625.21, or the amount of lost profit from the sale of one machine before June 2006.  In support of this damages award, Plaintiffs cite the affidavit of Mr. Koonce.  This affidavit is, however, devoid of any evidence regarding the sale of infringing products by these Defendants.  I therefore decline to enter judgment for compensatory judgment against these Defendants.  A permanent injunction prohibiting any future infringing activity by Ms. Ekwall and Mr. Heart, individually or in cooperation with others, is nonetheless necessary and appropriate to prevent irreparable harm to Plaintiffs.  *See* Amended Complaint, ¶ 1.5.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1.  Plaintiffs' Motion or Entry of Default Judgment [Doc # 72] is GRANTED IN PART and DENIED IN PART;

    2. Judgment shall enter in favor of Plaintiffs and against Defendant Ralph M. Suddath in the amount of $561,796.50 plus interest;

    3. Judgment shall enter in favor of Plaintiffs and against all Defendants for costs; and

    4. All Defendants are permanently enjoined, individually or in cooperation with others, from any further infringement of U.S. Patent No. 6,933,819.

Dated: July __10__, 2009.

                      BY THE COURT:

                        s/Lewis T. Babcock
                        Lewis T. Babcock, Judge